### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AASIYAH J. PRESSLEY, | CIVIL ACTION |
| Plaintiff, | |
| v. | NO. 24-3169-KSM |
| THE GRANT APARTMENTS, et al., | |
| Defendants. | |

### MEMORANDUM

Marston, J.                                                                              August 19, 2025

     42 U.S.C. § 1981 ("Section 1981") requires intentional discrimination; allegations of disparate impact do not suffice. Pro se Plaintiff Aasiyah Pressley, an African American woman, claims that she was discriminated against when she negotiated her lease agreement with Defendant The Grant Apartments. (Doc. No. 35.) Aggrieved, she sued The Grant Apartments, its owner, its property manager, a law firm, and an insurance company. In her second amended complaint, Pressley brings a Section 1981 claim and Pennsylvania state law claims for unjust enrichment and breach of fiduciary duty. Defendants now move to dismiss her second amended complaint. (Doc. No. 47.) Pressley opposes their motion. (Doc. Nos. 48, 49.) For the reasons below, the Court grants Defendants' motion to dismiss.

I.     Background

    A.     Factual Allegations[1]

Aasiyah Pressley is an African American woman. (Doc. No. 35 at 2.) In April 2024, she applied for an apartment at The Grant Apartments. (*Id.*) After her application was accepted, she began negotiating the terms of her lease. (*Id.*) Pressley tried to negotiate a lease agreement with a "qualified endorsement," but she alleges that she was "required . . . to sign a lease agreement with a blank endorsement." (*Id.* (internal quotations omitted).) According to Pressley, a "blank endorsement" is "a condition prohibiting [her] from adding terms to limit her liability or protect her interests." (*Id.*) "When [she] requested to speak with management to negotiate fair terms," she alleges that "her move-in date was delayed" until she agreed to sign a lease agreement with a blank endorsement. (*Id.*)

Pressley envisions a grand conspiracy. She alleges that Defendants "bundled" her lease agreement "into securities," which were "used as financial instruments, and transferred within their corporate ecosystem for profit." (*Id.*) And "[b]y demanding a blank endorsement," Defendants allegedly "monetized [her] lease agreement" and used her "personal information" in a way that "expose[d] her to financial risks and discriminatory practices." (*Id.*) In short, Pressley alleges that Defendants (1) discriminated against her while negotiating the terms of her lease agreement and (2) misused her personal information.

---

[1] These allegations come from Pressley's second amended complaint. (Doc. No. 35.) The Court assumes their truth for purposes of this motion. *See Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

2

**B.    Procedural History**

On July 25, 2024, Pressley filed suit against four Defendants: (1) The Grant Apartments;[2] (2) KRE MREG Cynwyd Owner LLC ("Owner"); (3) Mack Property Management ("MPM");[3] and (4) the law firm Cohen Marraccini LLC ("Cohen Marraccini"). (Doc. No. 1.) After these Defendants moved to dismiss her complaint (Doc. No. 7), Pressley filed an amended complaint on September 3, 2024 (Doc. No. 8). In her amended complaint, she added five more Defendants: (1) New York Life Insurance Co. ("NY Life Insurance"); (2) Mack Real Estate Group ("MRE"); (3) Kohlberg Kravis Roberts & Co. LP; (4) Daniel Rudin; and (5) Jenel R. Marraccini. (Doc. No. 8 at 1.)

Over the next three months, there was no activity in this case. Then, on December 6, 2024, Mark Fidanza, Esquire of Reed Smith LLP entered an appearance on behalf of The Grant Apartments, Owner, MRE, and MPM (collectively the "Property Defendants"). (Doc. No. 11.) That same day, he requested an extension of time for the Property Defendants to respond to Pressley's amended complaint. (Doc. No. 12.) In the request, he explained that MRE was first named as a Defendant in the amended complaint. (*Id.*) Because MRE had not received the amended complaint until November 18, 2024, its extension request was filed before its time to respond had run. (*Id.*) The other Property Defendants, however, had been named in the original complaint, and their time to respond to the amended complaint had lapsed. (*Id.*) The following day, Jenel Marraccini, Esquire of Cohen Marraccini requested an extension of time to file another motion to dismiss on behalf of Cohen Marraccini. (*See* Doc. No. 13 at 1.)

---

[2] Defendants state that "The Grant Apartments" is not an existing legal entity. (Doc. No. 47 at 9 n.2.)

[3] Defendants also state that "Mack Property Management" is incorrectly named as a defendant in this case, and the correct legal entity is "Mack Property Management (Pennsylvania) LLC." (Doc. No. 47 at 9 n.3.)

After holding an in-person status conference, the Court granted the extension requests. (Doc. No. 27.) The Court first found good cause for MRE's timely request for an extension and then found that the other Defendants failed to timely answer Pressley's amended complaint due to excusable neglect. (*Id.* at 3–5.) The Court thus set a deadline of January 10, 2025 for Defendants to respond to Pressley's amended complaint. (*Id.* at 6.)

On January 10, 2025, all Defendants jointly moved to dismiss Pressley's amended complaint. (Doc. No. 34.) Four days later, without seeking leave to amend or the consent of the opposing parties, Pressley filed a second amended complaint. (Doc. No. 35.) The Court then ordered Pressley to explain, among other things, why she did not seek leave to amend her complaint. (Doc. No. 37.) Pressley did so (Doc. No. 39), but she also filed a request for recusal based on the appearance of bias, which the Court denied (Doc. Nos. 38, 43). After a status conference with the parties, the Court found that a request for leave to amend was implicit in Pressley's second amended complaint and granted her leave to file a second amended complaint. (Doc. No. 45.)

In her second amended complaint, Pressley names only five Defendants: (1) The Grant Apartments; (2) Owner; (3) MPM; (4) Cohen Marraccini; and (5) NY Life Insurance. (*Id.*) She brings a discrimination claim under Section 1981 as well as claims under Pennsylvania state law for unjust enrichment and breach of fiduciary duty. (*Id.* at 2–4.) Because her complaint does not specify against whom each claim is brought, it appears that she intends to bring each claim against each Defendant.

On February 13, 2025, the remaining Defendants filed a joint motion to dismiss Pressley's second amended complaint. (Doc. No. 47.) In their motion, they argue for dismissal on several grounds, but the Court focuses on only two here. First, Defendants argue that

4

Pressley has failed to make any allegations against Cohen Marraccini or NY Life Insurance. (*Id.* at 19–20.) And second, they argue that Pressley has failed to plead a plausible claim under Section 1981. (*Id.* at 20–24.) Pressley filed two responses in opposition to Defendants' joint motion to dismiss. (*See* Doc. Nos. 48, 49.) For the reasons below, the Court grants Defendants' motion to dismiss.

## II.     Legal Standard

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotations omitted). In performing this analysis, the court accepts "the allegations in the complaint as true, but [is] not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Castleberry v. STI Grp.*, 863 F.3d 259, 263 (3d Cir. 2017) (internal quotations omitted).

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). But "an exception to the general rule is that a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *Id.* (cleaned up). The court may also "consider matters of public record, orders, exhibits attached to the complaint and items appearing in the

record of the case." *Keystone Redevelopment Partners, LLC v. Decker*, 631 F.3d 89, 95 (3d Cir. 2011) (internal quotations omitted).

As Pressley is proceeding pro se, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). Though her allegations are construed liberally, Pressley "still must allege sufficient facts" in her second amended complaint "to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. Discussion

In Defendants' motion to dismiss, they first argue that Pressley has failed to make any allegations against Cohen Marraccini or NY Life Insurance. (Doc. No. 47 at 19–20.) They next argue that Pressley has failed to plausibly plead a claim against any Defendant under Section 1981. (*Id.* at 20–24.) Pressley counters that her second amended complaint states a Section 1981 claim because Defendants "imposed racially discriminatory lease requirements that disproportionately impacted Black tenants." (Doc. No. 48 at 4.) As explained below, the Court dismisses Pressley's claims against Defendants Cohen Marraccini and NY Life Insurance with prejudice. The Court also dismisses Pressley's Section 1981 claim against Defendants The Grant Apartments, Owner, and MPM with prejudice and declines to exercise supplemental jurisdiction over Pressley's state law claims against them.

### A. Pressley Makes No Allegations Against Cohen Marraccini or NY Life Insurance

To start, the Court agrees with Defendants that dismissal is warranted for Pressley's claims against Cohen Marraccini and NY Life Insurance. (Doc. No. 47 at 19–20.) To be sure, these parties are listed as Defendants in the caption of Pressley's second amended complaint. (*See* Doc. No. 35 at 1.) Yet Pressley never explains how this law firm and insurance company have any connection to this case. Indeed, her second amended complaint does not contain a

6

single factual allegation against either Cohen Marraccini or NY Life Insurance.  Nor did she make any allegations against these Defendants in her first amended complaint.  (*See* Doc. No. 8.)

Because Pressley's second amended complaint makes "no allegation[s]" against Defendants Cohen Marraccini or NY Life Insurance, her claims against them must be "dismissed."  *Ponton v. U.S. Dep't of Just./U.S. EEOC*, No. CV 09-197, 2009 WL 10697638, at *3 (E.D. Pa. July 29, 2009); *see Bricker v. Kuzilla,* No. 2:08CV1053, 2009 WL 3152392, at *7 (W.D. Pa. Sept. 30, 2009) (ruling that plaintiff's complaint failed "to satisfy the factual pleading standards promulgated by the Court in *Twombly* and *Iqbal*" because it contained "no factual allegations against Defendant Corbett").  Plus, "[g]iven the fact pattern that [Pressley] alleges," the Court "is at a loss to construe a situation in which" Defendants Cohen Marraccini or NY Life Insurance "could have violated" Section 1981, breached a fiduciary duty owed to Pressley, or were unjustly enriched.  *Bricker*, 2009 WL 3152392, at *7.  And because Pressley has already had three "chances to tell [her] story," "giving [her] further leave to amend would be futile." *Jones v. Unknown D.O.C. Bus Driver & Transportation Crew*, 944 F.3d 478, 483 (3d Cir. 2019).  The Court thus dismisses Pressley's claims against Defendants Cohen Marraccini and NY Life Insurance with prejudice.

### B.    Pressley Fails to Plead a Plausible Section 1981 Claim

The Court next turns to Defendants' argument that Pressley's second amended complaint fails to plead a plausible Section 1981 claim against the remaining Defendants.  In their brief, Defendants argue that the allegations in Pressley's second amended complaint do not support an inference that Defendants intended to discriminate against her on the basis of race, which is an essential element of a Section 1981 claim.  (Doc. No. 47 at 21–23.)  Pressley counters that she does allege that Defendants intended to discriminate against her based on race.  (Doc. No. 48 at

3–4.)  The Court agrees with Defendants.

Section 1981 mandates that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a).  The right to make and enforce contracts extends to "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* § 1981(b).  "To establish a discrimination claim under [Section] 1981, 'a plaintiff must show (1) that [s]he belongs to a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in [Section] 1981.'" *Castleberry v. STI Grp.*, 863 F.3d 259, 266 (3d Cir. 2017) (quoting *Estate of Oliva ex rel. McHugh v. New Jersey*, 604 F.3d 788, 797 (3d Cir. 2010)).  A plaintiff need not "prove discriminatory intent at the motion to dismiss stage," but she must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of [it]." *Bagic v. Univ. of Pittsburgh*, 773 F. App'x 84, 86–87 (3d Cir. 2019) (internal quotations omitted).

Here, Pressley satisfies the first element of her Section 1981 claim because she is an African American woman. *See Shipley v. Qiao Hong Huang*, No. CV 19-654, 2019 WL 1426308, at *3 (E.D. Pa. Mar. 28, 2019) ("As an African-American woman, Shipley satisfies the first element.").  But she fails to satisfy the second element for two reasons.  First, her specific factual allegations do not support an inference that Defendants intended to discriminate against her on the basis of race.  Second, her general allegation that "[t]he demand for a blank endorsement disproportionately impacts African American tenants" cannot save her Section 1981 claim.  (Doc. No. 35 at 3.)  The Court addresses each point in turn.

*1. Pressley's specific factual allegations do not raise a reasonable expectation that*

*discovery will reveal evidence of Defendants' discriminatory intent.* Pressley's second amended complaint says little about Defendants' discriminatory intent. For one, nowhere in her operative complaint does Pressley allege that Defendants treated her less favorably than white tenants. Her second amended complaint does not contain, for example, an allegation that Defendants ever permitted a white tenant to sign a lease with a "qualified endorsement." For another, the only *specific* factual allegations in her second amended complaint that support her theory of discrimination are that (1) she is African American and (2) Defendants refused to allow her to sign a lease with a qualified endorsement. (*See* Doc. No. 35 at 2.) Yet these two allegations do not "even hint at racial animus." *Peebles v. Chain IQ Americas, Inc.*, 737 F. Supp. 3d 285, 290 (E.D. Pa. 2024). So "[e]ven construed in the light most favorable to" Pressley, "there are no allegations in" her second amended complaint "that raise a reasonable expectation that discovery will reveal that [Defendants] intended to discriminate against [her] on the basis of race." *Id.*; *see Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001) (finding no cognizable claim under Section 1981, in part, because plaintiffs do not "claim that defendants have dealt with customers on differing terms on the basis of race," nor do they "allege that the . . . products sold to African–Americans differ from those sold to whites").

      The Court reaches the same conclusion for Pressley's allegations that her personal information and data were used by Defendants in a way that "expos[ed] her to financial risks and discriminatory practices." (Doc. No. 35 at 2.) Even if the misuse of her information could satisfy the third element of her Section 1981 claim, her second amended complaint still lacks any specific factual allegations about how Defendants misused her information or how the misuse of her information stemmed from an intent to discriminate against her on the basis of race. Thus, Pressley's Section 1981 claim based on these specific allegations fails.

9

*2. Pressley's general allegations about the disparate impact of Defendants' blank endorsement policy cannot save her Section 1981 claim.* Lacking any specific allegations that raise the possibility that discovery will reveal Defendants' discriminatory intent, Pressley resorts to general allegations of disparate impact. In her second amended complaint, she alleges that "[t]he demand for a blank endorsement disproportionately impacts African American tenants" and "reflects a broader system of racial and economic discrimination [against African Americans]." (Doc. No. 35 at 3.) To recover under Section 1981, however, Pressley "cannot simply assert" that Defendants' demand for blank endorsements in lease agreements "has a disproportionate effect on certain minorities." *Pryor v. Nat'l Collegiate Athletic Ass'n.*, 288 F.3d 548, 562 (3d Cir. 2002); *see also Pollard v. Wawa Food Mkt.*, 366 F. Supp. 2d 247, 252 (E.D. Pa. 2005) ("[D]isparate impact claims are not actionable under [S]ection 1981."). Instead, "[Section] 1981, like the Equal Protection Clause, can be violated only by purposeful discrimination." *Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982). Thus, Pressley's general allegations about the disparate impact of Defendants' demand for blank endorsements in lease agreements cannot save her Section 1981 claim. *See Shipley*, 2019 WL 1426308, at *3 ("[C]onclusory allegations of generalized and suspected racial bias . . . are insufficient to satisfy the second element [of a Section 1981 claim].").

Because Pressley has already had three "chances to tell [her] story," "giving [her] further leave to amend would be futile." *Jones*, 944 F.3d at 483. The Court thus dismisses her Section 1981 claim with prejudice.

### C. The Court Declines to Exercise Supplemental Jurisdiction Over Pressley's State Law Claims Against the Grant Apartments, Owner, and MPM

Having dismissed Pressley's only federal claim, the Court "*must* decline to decide [her] pendent state claims unless considerations of judicial economy, convenience, and fairness to the

parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (internal quotations omitted); *see also* 28 U.S.C. § 1367(c)(3). Because no exceptions apply here, there is no reason to retain jurisdiction over Pressley's state law claims against The Grant Apartments, Owner, or MPM.[4] The Court thus declines to exercise supplemental jurisdiction and will dismiss Pressley's state law claims for unjust enrichment and breach of fiduciary duty without prejudice against these Defendants. *See Shrieves v. Phila. Facilities Mgmt. Corp.*, No. CV 19-4865-KSM, 2020 WL 7240450, at *13 (E.D. Pa. Dec. 8, 2020) (declining to exercise supplemental jurisdiction and dismissing plaintiff's state law claims without prejudice).

## IV.  Conclusion

For the reasons above, the Court grants Defendants' motion to dismiss. Pressley's federal claim is dismissed with prejudice as are her claims against NY Life Insurance and Cohen Marraccini. Her state law claims against The Grant Apartments, Owner, and MPM are dismissed without prejudice. An appropriate order follows.

---

[4] The Court also notes that Pressley has a related case in the Montgomery County Court of Common Pleas. (Doc. No. 25.) Though the parties had an arbitration hearing scheduled for December 20, 2024, Pressley sought a continuance, which the state court granted. (*Id.* at 1.) The arbitration hearing was rescheduled for February 21, 2025, but the Court has not received an update as to the status of this case. (*Id.*)